IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY BRODZKI                                                                                    PLAINTIFF

VS.                                         4:11CV00326 JMM

UNITED STATES OF AMERICA via
THE DEPARTMENT OF JUSTICE                                                         DEFENDANTS

## ORDER

Plaintiff has filed the following documents *pro se*: (1) Application to proceed *in forma pauperis* and (2) Complaint.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis*. *Martin-Trigona v. Stewart,* 691 F.2d 856 (8th Cir. 1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a). If he does, the complaint is permitted to be filed. *Id*. Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id.*[1]

---

[1] In *Martin-Trigona,* the Eighth Circuit noted that "[s]ome courts have blurred the distinction between § 1915(a) and § 1915[(e)(2)(B)] by approving the practice of denying leave to proceed in forma pauperis on the ground that the complaint is frivolous or malicious." 691 F.2d at 857. The Court stated, however, that [t]he practice observed by most courts is to consider only the petitioner's economic status in making the decision whether to grant leave to proceed in forma pauperis" and that "[o]nce leave has been granted, the complaint should be filed and the court should consider whether to dismiss pursuant to § 1915 [(e)(2)(B)]." *Id. See also Haugen v. Sutherlin*, 804 F.2d 490, 491 n.2 (8th Cir. 1986)(the court may certify that the plaintiff may proceed in forma pauperis, assuming verification that the plaintiff is a pauper, and may allow plaintiff to file the complaint without paying a filing fee; however, before requiring service of process on the defendant(s), the court should evaluate the complaint to determine if it is frivolous on its face and, if so, it should be dismissed).

Because it appears that plaintiff's economic situation qualifies him for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed. (Docket # 1)

The Court now turns to the determination of whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

In this case, Plaintiff alleges that on September 24, 2009, he was in the Dirksen Federal Building in Chicago when he felt an electric current in his chest. He states that "after laying on the subway floor all the way to O'Hare airport, I was hit by something fired by the United States Marshalls in Chicago." Plaintiff states that he "staggered to Bedford Hospital after flying back to Texas." Plaintiff claims that "the hospital said [his] condition mimic's what happens to people when their hearts are hit with electronically charged currents. The Dallas Marshall said it was wild dogs Marshalls."

Plaintiff has previously filed a complaint alleging these same facts which was dismissed by the Honorable Susan Webber Wright on February 16, 2011. Additionally, Plaintiff has a history of filing frivolous lawsuits. According to the National Case Party Index database, since 2009 Plaintiff has filed approximately ninety-two civil, bankruptcy and appellate claims. Many of which have been dismissed as frivolous. *See, Brodzki v. CBS*, 2011 WL 1327122(D.Del.

2011).

Based upon the fantastic, delusional and irrational allegations, his history of vexatious litigation and the absence of a viable claim that could be alleged in an amended complaint, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED this 25th day of April, 2011.

James M. Moody
United States District Judge